UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-24441-CIV-MORENO/OTAZO-REYES

PRUCO LIFE INSURANCE COMPANY,

      Plaintiff,

vs.

GARY A. RICHARDSON; LIFE
BROKERAGE EQUITY GROUP, LLC,
US BANK, AS SECURITIES INTERMEDIARY;
AND JOHN DOES 1-10,

      Defendants.

_____/

**MOTION OF DEFENDANT U.S. BANK, N.A., AS SECURITIES INTERMEDIARY,
TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank, N.A., as Securities Intermediary ("U.S. Bank"), moves to dismiss the Complaint for Declaratory Judgment and Other Relief of Plaintiff Pruco Life Insurance Company ("Pruco"). The grounds for this motion are set forth in this memorandum of law.

## INTRODUCTION

Through this action, Pruco belatedly seeks to challenge two life insurance policies that it issued over seven years ago (in 2005) and under which Pruco has received over $2 million in premium payments. Pruco, however, is barred under Florida law from doing so because the statutorily-required two-year contestability period expired over five years ago, and the general four-year statute of limitations also expired before the commencement of this action. To add insult to injury, Pruco seeks to reap a windfall by requesting that these policies be voided and that it be allowed to retain over $2 million in premiums that it has collected over the past seven years.

Pruco's Complaint asserts five causes of action, but only one – Count I for declaratory judgment – is asserted against U.S. Bank, the current legal owner of the life insurance policies at issue.  Count I seeks a judgment declaring that two insurance policies Pruco issued on the life of Rosalind Guild (the "Guild Policies") are void *ab initio* because they lacked an insurable interest at their inception.  For the reasons discussed below, Count I fails to state a claim upon which relief can be granted, and therefore the complaint should be dismissed with prejudice as against U.S. Bank.

Count I is barred by Florida's incontestability statute and by the two-year incontestability provision contained in both of the Guild Policies.  Florida's appellate courts and the United States Court of Appeals for the Eleventh Circuit have held that Florida's incontestability statute and the related incontestability clauses contained in life insurance policies (which Florida law requires) bar <u>any</u> challenges by an insurance company to the validity of those policies after the two-year contestability period has expired, except for those challenges expressly permitted by the statute (which are not applicable here).  These uniform court rulings apply to claims of <u>any</u> nature asserted by an insurance company, including claims that a policy is void at its inception.  Because the two-year contestability period has expired here, Florida's incontestability statute and the related incontestability clause in each of the Guild Policies bar Pruco from challenging the validity of these Policies.

More specifically, as alleged in the Complaint, the Guild Policies were issued on October 21, 2005 (with a June 8, 2005 Contract Date).  Therefore, the two-year contestability period expired – at the latest – over five years ago, on October 21, 2007.  Pruco's claim against U.S. Bank for declaratory relief is also barred under Florida's four-year statute of limitations.

Because Pruco's single claim against U.S. Bank is barred as a matter of law, Count I must be dismissed with prejudice.

Moreover, the Policy cannot be considered void *ab initio* for lack of an insurable interest at inception. The facts, as alleged in the Complaint and substantiated in the exhibits, show that the insured, Rosalind Guild, had an insurable interest in her own life, as did the primary beneficiary of her policies, her daughter Joan Guild. The irrevocable family trust that Rosalind Guild established as grantor in September 2005 – the Rosalind Guild Family Insurance Irrevocable Trust (the "Guild Trust") – also had an insurable interest in her life. This establishes that there was an insurable interest at the inception of the Guild Policies. However, even if Rosalind Guild's daughter or the Guild Trust did not have an insurable interest in the life of Rosalind Guild – an absurd proposition – no Florida state court **(based on Florida law)** has held that Florida's incontestability statute or the required contractual incontestability provision is ineffective to bar claims that a policy is void *ab initio* for lack of an insurable interest.

But even if the Guild Policies were fraudulently procured or lacked an insurable interest at inception (they didn't), as Pruco alleges, that alleged fraud cannot be imputed to U.S. Bank and that deficiency cannot void the Policies as to U.S. Bank. As the allegations in the Complaint show, U.S. Bank was an innocent, bona fide assignee for value and did not obtain ownership of the Guild Policies until February 2008 – over two years <u>after</u> Pruco issued them.

And last (but not least), Pruco's request to retain the premiums it has received under the Guild Policies should be stricken because it is contrary to applicable law and because Pruco improperly seeks to reap a windfall.

## THE MATERIAL ALLEGATIONS

### The Guild Policies Issued in 2005

Rosalind Guild applied for two $5 million life insurance policies on her life on September 29, 2005.  (Compl. ¶ 40.)  At the time of these applications, Rosalind Guild was 80 years old.  (*Id*.)  The applications named her daughter, Joan Guild, as the primary beneficiary.  (Exs. B & C at 2; Compl. ¶ 41.)  Pruco alleges that its own agent, defendant Gary Richardson, processed the applications and other submissions in which *he* allegedly made false statements.  (Compl. ¶¶ 25, 36, 40, 42-43, 47-54, 57, 64-65.)

Pruco issued the Guild Policies on October 21, 2005 (and assigned a Contract Date of June 8, 2005 so that the Policies would be administered as though issued while Rosalind Guild was still 79 years of age).  (Compl. ¶ 67.)  The insured's daughter, Joan Guild, was designated as the primary beneficiary of the Guild Policies.   (Compl. Exs. G & H (attached Beneficiary Provisions).)  Pruco delivered the Guild Policies to the Trustee of the Guild Trust and to Mr. Richardson (*Id*. ¶ 68.)  Shortly thereafter, Pruco received initial premium payments totaling over $700,000 for both Guild Policies.  (*Id*.)

### The 2008 Request to Change the Owner and Beneficiary of the Guild Policies

Over two years later, on or about February 13, 2008, Pruco received a change of ownership and beneficiary request, changing the owner and beneficiary of the Guild Policies to U.S. Bank, as securities intermediary.  (Compl. ¶ 70.)  Pruco then confirmed in writing the requested owner and beneficiary change on or about February 27, 2008.  (*See id*.)  The Complaint alleges (upon information and belief) that this change of ownership "took place in connection with the sale of the beneficial interest in the Guild Policies to an investor with no insurable interest in Ms. Guild's life."  (*Id*. ¶ 71.)

4

**The Guild Policies' Incontestability Clause**

Each of the Guild Policies contains the following "incontestability" clause:

Except as we state in the next sentence, ***we will not contest this contract*** after it has been in force during the Insured's lifetime for ***two years from the issue date***. The exceptions are: (1) non-payment of enough premium to pay the required charges; and (2) any change in the contract that requires our approval and that would increase our liability.  For any such change, ***we will not contest the change after it has been in effect for two years during the lifetime of the Insured***.

(Compl. Exs. K & L at 5; emphasis added.)

**Pruco Has Received Over $2 Million In Premiums on the Guild Policies**

Pruco has not alleged that the Guild Policies' premiums have not been paid (exception #1) or that there was any change in the Policies that increased its liability (exception #2).  To the contrary, Pruco admits that, over the past <u>seven</u> years since inception, it has received over $2 million in premiums on the Guild Policies.  (Compl. ¶ 69.)  Moreover, Pruco has not alleged – because it cannot – that U.S. Bank had any knowledge of, or involvement in, any of the alleged misrepresentations or initial intentions of the insured or other defendants or that U.S. Bank was not a bona fide assignee for value of the Guild Policies.  Nonetheless, on December 17, 2012, more than <u>seven</u> years after the Policies were issued and over five years after expiration of the two-year contestability period in 2007 (and after having received over $2 million in premiums on these Policies), Pruco brought this action seeking a declaration that the Guild Policies are void.

**ARGUMENT**

**Standard of Review**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 1949.

In this diversity case, the Court must apply the substantive law of Florida. Therefore, in rendering its decision, "a federal court must decide the case the way it appears the state's highest court would." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) (citations and internal quotations omitted). "Where the state's highest court has not spoken to an issue, a federal court 'must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Id*. (quoting *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (internal citations omitted)).

In opposition to this motion, Pruco will likely rely upon certain non-final orders entered by Judge Cohn in an unrelated case styled *Pruco Life Ins. Co. v. Brasner, et al.*, Case No. 10-80804-Civ-Cohn (S.D. Fla. Jan. 7, 2011/Nov. 14, 2011). In that case (which is still pending), Judge Cohn entered a summary judgment order in favor of Pruco and against defendant Wells Fargo Bank, N.A., as Securities Intermediary, declaring a different life insurance policy issued by Pruco to be void *ab initio*. We maintain, however, that Judge Cohn's ruling in that case is not binding or persuasive authority in this action. This ruling failed to apply Florida's two-year contestability period as construed by the Eleventh Circuit in *Allstate Life Ins. Co. v. Miller*, 424 F.3d 1113 (11th Cir. 2005), and this ruling also misinterpreted Florida's insurable interest statute

(§ 627.404, Fla. Stat.).  Accordingly, this ruling is subject to being reviewed on appeal by the Eleventh Circuit.[1]

## I.    COUNT I IS BARRED BECAUSE IT WAS NOT ASSERTED WITHIN THE TWO-YEAR CONTESTABILITY PERIOD

### A.    Florida Requires and Stringently Enforces Incontestability Clauses

Count I fails to state a claim as a matter of law because it was not brought before expiration of the Policies' two-year contestability period.  Incontestability clauses are mandated by Florida's incontestability statute, section 627.455, Florida Statutes, which Florida courts stringently enforce according to its plain language.  Section 627.455 prohibits an insurance company from challenging a life insurance policy "*for any other reason* than the articulated exceptions in the statute" after the two-year contestability period has expired.  *Allstate Life Ins. Co. v. Miller*, 424 F.3d 1113, 1115 (11th Cir. 2005) (emphasis added).  The statute includes only two exceptions, neither of which applies here.

Specifically, section 627.455, Florida Statutes, provides that:

> ***Every*** insurance contract shall provide that the policy ***shall be incontestable*** after it has been ***in force*** during the lifetime of the insured for a period of 2 years from its date of issue ***except*** [1] for nonpayment of premiums and ***except***, at the option of the insurer, [2] as to provisions relative to benefits in event of disability and as to provisions which grant additional insurance specifically against death by accident or accidental means.

Fla. Stat. § 627.455 (2012) (emphasis added).

---

[1]    Indeed, after seeking relief under Rule 60(b) based on newly discovered evidence, Wells Fargo appealed the summary judgment ruling.  On limited remand, Judge Cohn entered a Rule 60(b) order and vacated a portion of his summary judgment ruling as it relates to certain premiums (but left intact his ruling on the validity of the subject policy) and determined that a trial is required to determine which party is entitled to retain certain premiums.  As a result of the remaining issues to be determined by the trial court pursuant to the Rule 60(b) order, the Eleventh Circuit dismissed the appeal for lack of jurisdiction.  Judge Cohn has since scheduled a trial on these remaining issues.

As required by section 627.455, Florida Statutes, each of the Guild Policies contains the following incontestability clause:

> Except as we state in the next sentence, ***we will not contest this contract*** after it has been in force during the Insured's lifetime for ***two years from the issue date***. The exceptions are:  (1) non-payment of enough premium to pay the required charges; and (2) any change in the contract that requires our approval and that would increase our liability.  For any such change, ***we will not contest the change after it has been in effect for two years during the lifetime of the Insured***.

(Compl. Exs. K & L. at 5; emphasis added.)  Because Pruco did not contest the validity of the Guild Policies within two years of issuance, Pruco's challenge to these Policies is prohibited both by Section 627.455 and by Pruco's express representations in each Policy's incontestability clause.

"Florida precedent has interpreted incontestability clauses as absolute bars to efforts by the insurer to rescind the policy after two years ***for any other reason*** than the articulated exceptions in the statute."  *Miller*, 424 F.3d at 1115 (emphasis added).  Enforcement of incontestability clauses "gives the insured a guaranty against expensive litigation to defeat his policy after the lapse of the time specified, and at the same time gives the company a reasonable time and opportunity to ascertain whether the contract should remain in force."  *Pruco Ins. Co. of Am. v. Prescott*, 176 So. 875, 878 (Fla. 1937).

As alleged in the Complaint, retiree Rosalind Guild (at the age of 80) and her family trust (Rosalind Guild Family Insurance Irrevocable Trust) applied in September 2005 for two $5 million life insurance policies, and initial premiums totaling over $700,000 were paid at or shortly after inception in October 2005.  Pruco was aware of these circumstances and had two years to "ascertain whether the contract should remain in force."  *Prescott*, 176 So. at 878. Instead, Pruco slept on its rights for over <u>seven</u> years before now seeking to have the Guild Policies declared void *ab initio*.  Pruco failed to challenge the validity of the Guild Policies until

over seven years after their issuance, and over five years after the expiration of the two-year contestability period.  In the meantime, Pruco continued to collect premium payments on the Guild Policies and, in February 2008, Pruco confirmed in writing the requested change of owner and beneficiary of the Guild Policies to U.S. Bank.

Pruco's failure to challenge the validity of the Guild Policies within the two-year contestability period is fatal to its claim.  Indeed, this Court has recognized that "the Florida Supreme Court has explained that incontestability clauses, such as the one contained in § 627.455, are 'in the nature of, and serve[ ] a similar purpose as, a statute of limitations.'" *Miller*, 424 F.3d at 1115 (citing *Prescott,* 176 So. at 878).  And this "statute of limitations" applies regardless of the basis for the challenge, including in cases in which it is alleged that the insured ***lied*** or that other intentional omissions or misrepresentations were made when applying for the policy – as Pruco alleges here.  *See id.* (citing *Kaufman v. Mut. of Omaha Ins. Co.*, 681 So. 2d 747, 750-53 (Fla. Dist. Ct. App. 1996) (non-disclosure of preexisting conditions)); *Pruco Ins. Co. of Am. v. Rhodriquez*, 285 So. 2d 689, 689 (Fla. Dist. Ct. App. 1973) (misrepresentations as to health and medical history); *Great S. Life Ins. Co. v. Porcaro*, 869 So. 2d 585, 586 (Fla. Dist. Ct. App. 2004) (fraud as to fact of insured's death); *DiFranco v. Nat'l Found. Life Ins. Co.*, 551 So. 2d 535, 536 (Fla. Dist. Ct. App. 1989) (failure to disclose prior medical treatment and history); *Bankers Sec. Life Ins. Soc. v. Kane*, 885 F.2d 820, 821-22 (11th Cir. 1989) (misrepresentation as to identity of insured).

Here, because Pruco issued the Guild Policies on October 21, 2005 (with a Contract Date of June 8, 2005), the two-year contestability period under these Policies expired – at the latest – on October 21, 2007.  Because incontestability clauses are "in the nature of, and serve a similar

purpose as, a statute of limitations," *Miller*, 424 F.3d at 1115; *Prescott*, 176 So. at 878, Pruco has been barred, since October 21, 2007, from contesting the validity of the Guild Policies.

### B.   The Incontestability Statute and Clause Apply to Count I

We anticipate that Pruco will argue that the incontestability statute and clause do not apply because it is seeking a declaration that the Guild Policies are "void *ab initio*" based on a lack of insurable interest at inception and thus the contestability clauses never went into effect. See Complaint at ¶¶ 4, 80.  But, as will be discussed more fully below, an insurable interest undeniably existed at inception.  The insured Rosalind Guild had an insurable interest in her own life, as did the primary beneficiary, her daughter Joan Guild.  Therefore, Pruco's **real** argument is that it was **defrauded** during the application process because Pruco's appointed agent, defendant Gary Richardson, and other defendants (other than U.S. Bank) misrepresented the information presented on the application and concealed an ulterior motive to procure the Policies only for later sale to investors in the legitimate secondary market for life insurance policies.[2] Thus, Pruco's "lack of insurable interest" argument is merely a device to try to circumvent its failure to investigate and uncover this fraud during the two-year contestability period – a failure that allowed it to collect $2 million in premiums, which it hopes to retain.

But Florida's incontestability statute and its rationale apply with equal force to claims – such as the present one – that the insurance policy was void *ab initio*.[3]  For example, in *Miller*,

---

[2]    Pruco's complaint and its use of the "STOLI" label ignores the fact that there is a legitimate secondary market through which consumers are able to sell their life insurance policies, whether through a "life settlement" or a "viatical settlement," both of which are valid and regulated by legislation.

[3]    The rationale of the incontestability statute is to provide certainty to both policyholders and insurers.  As the Eleventh Circuit recognized in *Miller*, "[t]he incontestability clause thus works to the mutual advantage of the insurer and the insured, 'giv[ing] the insured a guaranty against expensive litigation to defeat his policy after the lapse of the time specified, and at the

the Eleventh Circuit held that the incontestability clause barred the insurance company's claim that the policy was "void *ab initio*" because an imposter, pretending to be the insured, had submitted to the initial medical evaluation. *See Miller*, 424 F.3d at 1116 ("while an insurer may assert an impostor claim (or any number of other grounds) to rescind or void an insurance policy before the incontestability clause goes into effect, § 627.455 prevents an insurer from doing so once the policy has been in effect for two years during the life of the insured, except on the three grounds enumerated in the statute").   Citing a long line of Florida appellate cases, the Eleventh Circuit reasoned that because "claims of potential fraud as to the fact of an insured's death – a fact most central to a life insurance contract – are subject to the statutory incontestability clause," the insurer's "imposter claims cannot obviate § 627.455 based on their importance in the contractual scheme." *Id*. at 1117; *see also American United Life Ins. Co. v. Martinez*, Case No. 04-61143-Civ-Moreno (S.D. Fla.) (Aug. 15, 2005 Final Order of Dismissal), *aff'd*, 480 F.3d 1043, 1059 (11th Cir. 2007) (citing *Miller*, the Eleventh Circuit affirmed this Court's order dismissing insurers' claims seeking to contest the validity of life insurance policies because such claims were barred under applicable two-year contestability periods).

Florida's incontestability statute and its rationale should apply with equal force here to a claim based on lack of an insurable interest.  If fraud as to the fact of the insured's death and fraud as to the fact of the insured's identity cannot obviate the application of the contestability statute, then certainly, under Florida law, any claimed fraud as to the insurable interest cannot obviate the protections of section 627.455 and the two-year incontestability clause contained in the Guild Policies.

---

same time giv[ing] the company a reasonable time and opportunity to ascertain whether the [insurance] contract should remain in force." *Miller*, 424 F.3d at 1115.

Because Pruco did not bring this action to contest the validity of the Guild Policies until December 17, 2012 – more than <u>five</u> years after the two-year contestability period had expired back in 2007, Count I is barred as a matter of law and thus fails to state a claim upon which relief can be granted.

## II.   COUNT I FOR DECLARATORY JUDGMENT IS ALSO BARRED BY THE GENERAL STATUTE OF LIMITATIONS

### A.   The General Limitations Period for Declaratory Relief is Four (4) Years

Under Florida law, the statute of limitations on a claim for declaratory judgment is four (4) years. *See Hollywood Lakes Sect. Civic Ass'n, Inc. v. City of Hollywood*, 676 So. 2d 500 (Fla. Dist. Ct. App. 1996) (holding that claim for declaratory relief was controlled by the four-year provision of section 95.11(3)(p), Fla. Stat.) (citing *Sarasota Welfare Home, Inc. v. City of Sarasota*, 666 So. 2d 171, 172-73 (Fla. Dist. Ct. App. 1995)); *see also In re Estate of Vernon*, 637 So. 2d 365 (Fla. Dist. Ct. App. 1994) (ruling that four-year limitation of section 95.11, Fla. Stat., applied to claim for declaratory relief).

Because Pruco's cause of action for declaratory judgment is not specifically provided for in section 95.11, it is governed by section 95.11(3)(p). [4]   *See Hollywood Lakes; Estate of Vernon.*

---

[4]      Florida's statute of limitations, section 95.11, Florida Statutes, provides in pertinent part:

**95.11. Limitations other than for the recovery of real property**
. . . .
**(2) Within five years.--**
. . . .
(b) A legal or equitable action *on a contract*, obligation, or liability founded on a written instrument . . . .
. . . .
**(3) Within four years.--**
. . . .
(*l*) An action to *rescind* a contract.
. . . .
 (p) *Any action not specifically provided for in these statutes*. . . .

Fla. Stat. § 95.11 (italics added).

Pruco may not argue that the five (5) year period (for written contracts) applies because its action against U.S. Bank is not an "action on a contract." Fla. Stat. § 95.11(2)(b). Pruco is not seeking to enforce the Policies or have the Court construe some provision of the Policies. *See, e.g., AFFCO New Zealand, Ltd. v. Am. Fine Foods Corp.*, No. 12-21325-CIV, 2012 WL 6644997, at *3 (S.D. Fla. Dec. 20, 2012) (applying five-year limitations period of section 95.11(2)(b), Fla. Stat., to the plaintiff's request for a declaration of its rights under a written agreement). Indeed, Pruco alleges that the Guild Policies were void *ab initio* and thus that they never came into existence. And even if Count I could be viewed as a rescission claim, the limitation period on such claims is also four (4) years. Fla. Stat. § 95.11(3)(l); *see Allie v. Ionata*, 503 So. 2d 1237, 1239 n.1 (Fla. 1987) (citing § 95.11(3)(l)).

### B.    The Limitations Period Commenced When Pruco Issued the Policies

Under Florida law, the time "within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031. And a "cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1); *City of Riviera Beach v. Reed*, 987 So. 2d 168 (Fla. Dist. Ct. App. 2008) (affirming dismissal of complaint based on running of limitations period); *Margolis v. Andromides*, 732 So. 2d 507, 509 (Fla. Dist. Ct. App. 1999). Put another way, the limitations period begins to run when the action may be brought. *City of Riviera Beach*, 987 So. 2d at 169 (quoting *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996)) (quotations omitted).

Because Pruco alleges that the Guild Policies were void *ab initio* due to a lack of insurable interest *at inception*, its claim for a declaratory judgment arose when the Policies were issued. If the Policies were void at inception, Pruco could have brought its suit for declaratory relief any time after issuing the Policies. The Guild Policies were issued on October 21, 2005.

Therefore, the four-year general limitations period ran on October 21, 2009.  Pruco filed this lawsuit on December 17, 2012 – three years <u>after</u> the limitations period had run on its declaratory judgment claim.  Thus, Pruco's declaratory relief claim against U.S. Bank is time-barred under the general statute of limitations.  *See City of Hollywood v. Petrosino*, 864 So. 2d 1175 (Fla. Dist. Ct. App. 2004) (determining that declaratory relief claim was time-barred because the statute of limitations had expired before the plaintiff filed his suit).

C.      **Even If Pruco's Declaratory Judgment Claim is Based on Fraud, It is Time-Barred**

Section 95.031, Florida Statutes, provides that the four (4) year limitations period for an "action founded upon fraud" begins "running from the time the facts giving rise to the cause of action were discovered or ***should have been discovered*** with the exercise of due diligence."  Fla. Stat. § 95.031(2)(a) (emphasis added).  Therefore, if Pruco were to argue that its declaratory judgment claim was based on fraud and thus that the statute of limitations did not begin to run until it "discovered" that the Guild Policies were "fraudulently" procured, its declaratory judgment claim remains time-barred.

Under the incontestability clause contained in the Guild Policies (and by state law), Pruco had two years from the date of inception to "exercise due diligence" to discover any fraud in the procurement of the Policies.  After the end of the two-year period, Pruco was precluded from bringing any claim based on fraud or otherwise.  *Miller*, 424 F.3d at 1115-1116.  The Policies were issued in October 2005 and thus the two-year contestability period ran in October 2007.  Therefore, even if it could be said that Pruco's declaratory judgment claim was based on fraud, the four-year general limitations period ran on October 21, 2011—four years after the contestability period expired and a year before Pruco filed suit.  Count I is therefore time-barred.

And last, it must be noted that in February 2008, Pruco received a change of ownership and beneficiary request, changing the ownership of the Policies to U.S. Bank, as securities intermediary.   Pruco's entire "void *ab initio*" claim is based on the "investor ownership" allegedly intended from inception.  Therefore, ***at the latest***, Pruco's cause of action based on this purported "fraud" began to run when Pruco had "evidence" of the ownership transfer in February 2008.  So even if calculated from February 2008, the four-year limitation period ran in February 2012—ten months before Pruco filed suit.  Therefore, under any conceivable scenario, Count I for declaratory relief against U.S. Bank is time-barred and must be dismissed with prejudice.

## III.   PRUCO'S INSURABLE INTEREST CLAIM FAILS BECAUSE, AS ALLEGED, AN INSURABLE INTEREST EXISTED ON THE INCEPTION DATE OF THE GUILD POLICIES

Even if Florida's incontestability statute did not completely bar Count I (which it does), it would fail based on Pruco's factual allegations and exhibits.  Pruco alleges that the Guild Policies should be declared void *ab initio* because there was no insurable interest at their inception.  But these allegations fail in the face of Florida's insurable interest statutes and the facts alleged, which establish that the initial beneficiary under the Guild Policies – Joan Guild, who is insured Rosalind Guild's daughter – had an insurable interest in the life of the insured (Rosalind Guild) at the inception of these Policies.  Pursuant to Florida law, this is sufficient to create an insurable interest at the time of policy inception.

### A.     The Initial Beneficiary Had An Insurable Interest In the Insured's Life At The Inception of the Guild Policies.

Pursuant to Florida law, an insurance policy is valid at inception where, as here, the beneficiary has an insurable interest in the insured's life.  Specifically, Section 627.404(1) of the Florida Statutes provides:

Any individual of legal capacity may procure or effect an insurance contract **on his or her own life or body for the benefit of any person**, but no person shall procure or cause to be procured or effected an insurance contract on the life or body of another individual unless **the benefits** under such contract **are payable** to the individual insured or his or her personal representatives, or **to any person having, _at the time such contract was made, an insurable interest in the individual insured. The insurable interest need not exist after the inception date of coverage under the contract._**

Fla. Stat. § 627.404(1) (2012) (emphasis added).   Section 627.404(2)(b) defines the term "insurable interest," in part, as follows:

> 1.  An individual has an insurable interest in his or her own life, body, and health.

> 2.  An individual has an insurable interest in the life, body, and health of another person to whom the individual is **closely related** by **blood** or by law and in whom the individual has a substantial interest engendered **by love and affection**.

> . . .

> 5.  **A trust, or the trustee of a trust, has an insurable interest in the life of an individual insured under a life insurance policy owned by the trust, or the trustee of the trust acting in a fiduciary capacity, if the insured is the grantor of the trust**; an individual closely related by blood or law to the grantor; or an individual in whom the grantor otherwise has an insurable interest if, in each of the situations described in subsection (5), **the life insurance proceeds are primarily for the benefit of trust beneficiaries having an insurable interest in the life of the insured**.

Fla. Stat § 627.404(2)(b) (2012) (emphasis added).

Here, Ms. Guild's daughter, Joan Guild, was designated as the primary beneficiary of the Guild Policies.  (Compl. Exs. G & H (attached Beneficiary Provisions).)  There can be no dispute that, pursuant to section 627.404, Fla. Stat., Joan Guild had an "insurable interest in the life, body, and health" of her mother, Rosalind Guild, because she was "closely related by blood." Fla. Stat. § 627.404(2)(b)(2).   There can also be no dispute that, pursuant to section 627.404(2)(b)(5), the Guild Trust (or the Trustee of the Guild Trust) also had an insurable interest in the life of Rosalind Guild because, among other things, the insured (Rosalind Guild) is the grantor of the Trust.  Therefore, on "the inception date of coverage under the contract," an

16

insurable interest existed.  Fla. Stat § 627.404(1).  Indeed, had Rosalind Guild died before any alleged transfer of ownership and beneficial interest (February 2008) (Compl. ¶ 67), Joan Guild, as the primary beneficiary of the Guild Policies, would have been entitled to the proceeds of these Policies, and Pruco has not alleged otherwise.

### B. Any Alleged Fraud That Occurred During Application or At the Inception of the Guild Policies Is Ineffective To Void U.S. Bank's Interests In these Policies

The fact that the Guild Policies were ultimately transferred in February 2008 (over two years after inception) to U.S. Bank, as Securities Intermediary, does not breathe life into Plaintiff's cause of action.  As alleged, U.S. Bank did not acquire ownership of the Policy until February 2008 – over two years after Pruco issued the Policy.  (Compl. ¶ 70.)  That U.S. Bank had "no insurable interest in Ms. Guild's life" (Compl. ¶ 71) in 2008 when the Guild Policies were transferred is irrelevant.  Florida's insurable interest statute specifically provides that an "insurable interest need not exist after the inception date of coverage under the contract."  Fla. Stat. § 627.404(1).  Because such an insurable interest existed at the Guild Policies' inception, these Policies were freely transferrable at the time they were transferred to U.S. Bank. Moreover, under section 627.422, Florida Statutes, a life insurance policy is freely assignable: "A policy may be assignable, or not assignable, as provided by its terms."   Fla. Stat. § 627.422 (2012).  Furthermore, the transfer occurred more than two years after the Guild Policies were issued.  Because this transaction occurred after the two-year period of contestability, it cannot serve as the basis for Pruco's challenge to the validity of the Guild Policies.

Furthermore, although Pruco alleges that the Guild Policies were procured under a "STOLI scheme" to later transfer the policy to "one or more STOLI investors in the secondary market." (Compl. at ¶¶ 37-39), notably, Pruco has not alleged – because it cannot – that

defendant U.S. Bank had any knowledge or involvement in that purported scheme.  But more to the point here, any fraud, crime, or improper "STOLI scheme" that may have occurred during the procurement or at the inception of the Policy, is ineffective to render the Guild Policies void as to U.S. Bank's interests.  *See Everglades Marina, Inc. v. Am. E. Dev. Corp.*, 374 So. 2d 517, 519 (Fla. 1979) (recognizing in the insurance context the long-standing principle that a "bona fide purchaser for value without notice does not lose [its] interests because of wrongdoing by the seller").

Here, Pruco has not alleged – because it cannot – that U.S. Bank had knowledge of or participated in any of the alleged fraud or wrongdoing surrounding the application, submissions, procurement, or inception of the Policies.  Likewise, there are no allegations that U.S. Bank did not lawfully acquire its interest in the Policies.  Indeed, Florida law permits the assignment of life insurance policies to persons without an insurable interest in the life of the insured.  *See Wewahitchka State Bank v. Mixon*, 504 So. 2d 1328 (Fla. Dist. Ct. App. 1987) (where bank was assigned two life insurance policies as collateral for a loan).

## IV.   PRUCO'S REQUEST TO RETAIN PREMIUMS SHOULD BE STRICKEN

Even though Pruco is essentially seeking to rescind the Guild Policies (through the guise of a challenge to insurable interest), Pruco requests a "declaration that it is entitled to retain some or all of the premium paid to it in connection with the Guild Policies."  (Comp. ¶ 81 and ¶ B (Prayer for Relief).)  Pruco's "having your cake and eating it too" request to retain premiums (in the event Pruco is somehow able to challenge the validity of the Guild Policies) should be stricken as contrary to Florida law.

Pruco is precluded from seeking to rescind or otherwise challenge the validity of the Guild Policies and also retain the premiums it has received under the Policies (over $2 million

paid to Pruco to date).  *See, e.g.*, *PHL Variable Ins. Co. v. Faye Keith Jolly Irrevocable Life Ins. Trust*, 460 F. App'x 899, 902, 2012 WL 850916 (11th Cir. Mar. 14, 2012)).  In the *PHL Variable* case, an insurer sought to rescind a life insurance policy and to retain the insurance premiums paid by a life insurance trust that owned the policy.  *Id.* at 900.  The insurer argued that it was equitably entitled to retain the policy premiums because the policy was fraudulently obtained. *Id.*  The Eleventh Circuit disagreed and followed the general rule that requires "an insurer seeking to rescind an insurance contract to return any premiums paid under the contract, even where the insured person originally obtained the policy by fraud."  *Id.* at 902.

While *PHL Variable* applied Georgia law, Florida state courts apply the same rule requiring an insurer to return all premiums on a policy that is rescinded or declared void *ab initio*.  *See Diaz v. Fla. Ins. Guar. Ass'n, Inc.*, 650 So. 2d 675, 676 (Fla. Dist. Ct. App. 1995) (finding an insurance policy void *ab initio* and directing the trial court to return all premiums the insurer had collected on the policy).  Thus, it is well settled under Florida law that "parties to a rescinded agreement are required, insofar as possible, to restore the status quo."  *Perlman v. Pruco Ins. Co. of Am., Inc.*, 686 So. 2d 1378, 1380 (Fla. Dist. Ct. App. 1997).  If a violation of the insurance law "renders the insurance contract void, the insureds would be entitled to restitution of the premiums paid on the insurance contract.  The insurer must place the insured back in the same position the insured was in before the effective date of the policy through the return of the premium."  *Gonzalez v. Eagle Ins. Co.*, 948 So. 2d 1, 3 (Fla. Dist. Ct. App. 2006) (citing 9 Fla. Jur. 2d, Restoration of Parties to the Status Quo § 35 (2004)); *see also Leonardo v. State Farm Fire & Cas. Co.*, 675 So. 2d 176, 179 (Fla. Dist. Ct. App. 1996) ("Where an insurer seeks to rescind a voidable policy, it must both give notice of rescission and return or tender all premiums paid within a reasonable time after discovery of the grounds for avoiding the policy.").

An outlier decision from the Florida Fifth District Court of Appeal, *TTSI Irrevocable Trust v. Reliastar Life Insurance Co.*, 60 So. 3d 1148, 1150-51 (Fla. Dist. Ct. App. 2011), is inapposite.  In *TTSI*, the court allowed an insurer to retain premiums rather than award the funds to parties that engaged in the fraud.  The court left the parties as it found them because "the party seeking to enforce the contract is the only party who engaged in deceptive and misleading conduct at the time the contract was entered into."  *Id*. at 1150.  Here, Pruco does not allege in the Complaint that U.S. Bank engaged in any fraud in connection with the Guild Policies.  Therefore, *TTSI* does not apply, and this Court should follow the Eleventh Circuit's decision in *PHL Variable* and the Florida state court decisions that apply the same rule requiring an insurer to return all premiums on a policy that is rescinded or declared void *ab initio*.

Pruco seeks a declaration that the Guild Policies are both void from the outset (which essentially results in a rescission) while also seeking to retain the premiums (over $2 million) that have been paid on these Policies.  In light of the Eleventh Circuit's decision in *PHL Variable* and established Florida law, however, Pruco cannot seek to void the Policy and simultaneously seek to retain the premiums paid on it.   As the Court noted in *Gonzalez*, "[t]o hold otherwise would unjustly enrich the insurer . . . ."  948 So. 2d at 3.

## CONCLUSION

WHEREFORE, Defendant U.S. Bank respectfully requests that this Court dismiss with prejudice Count I of Pruco's Complaint for failure to state a claim upon which relief can be granted.

Date:  February 6, 2013              Respectfully submitted,
       Miami, Florida

                                     /s John K. Shubin_____
                                     John K. Shubin (Florida Bar Number: 771899)
                                     jshubin@shubinbass.com
                                     Juan J. Farach (Florida Bar Number: 957704)
                                     jfarach@shubinbass.com
                                     Shubin & Bass, P.A.
                                     46 S.W. 1st Street, Third Floor
                                     Miami, Florida 33130
                                     Telephone: (305) 381-6060
                                     Facsimile:  (305) 381-9457
                                     *Attorney for Defendant*
                                     *U.S. Bank, N.A., as Securities Intermediary*


## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all Counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                     ____s/ John K. Shubin_____
                                     John K. Shubin, Esq.

**SERVICE LIST**
**Pruco Life Insurance Company v. Richardson, et al.**
**Case No. 12- 24441-Civ-Moreno/Otazo-Reyes**
**United States District Court, Southern District of Florida**

Wendy L. Furman, Esq.
wfurman@pettfurman.com
PETT FURMAN, PL
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Florida 33431
Tel. (561) 994-4311
Fax (561) 982-8985
*Attorneys for Plaintiff Pruco Life Insurance Company*
Service by CM/ECF

Stephen A. Serfass, Esq.
Stephen.serfass@dbr.com
Nolan R. Tully, Esq.
Nolan.tully@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel. (215) 988-2700
Of Counsel
*Attorneys for Plaintiff Pruco Life Insurance Company*
Service by CM/ECF