UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-24441-CIV-MORENO

PRUCO LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

US BANK, AS SECURITIES INTERMEDIARY;
GARY A. RICHARDSON; LIFE BROKERAGE
EQUITY GROUP, LLC; and JOHN DOES 1-10,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS

THIS CAUSE came before the Court upon U.S. Bank, N.A.'s Motion to Dismiss Count I of the Complaint. For the reasons set out below, U.S. Bank's Motion is GRANTED.

### I. Background

This is an action for declaratory judgment in which Plaintiff Pruco Life Insurance Company ("Pruco") seeks a declaration that two life insurance policies are illegal wagering contracts and are *void ab initio* for lack of insurable interest at inception.

*A. The Alleged "STOLI" Scheme*

In September of 2005, Rosalind Guild applied to Plaintiff Pruco Life Insurance Company for two $5 million life insurance policies (the "Guild Policies"). Compl. ¶ 1. The applications named Ms. Guild's daughter as the primary beneficiary. Exs. B & C at 2; Compl. ¶ 41. According to the Complaint, however, Ms. Guild's daughter was never the true intended beneficiary of the policies. Instead, Pruco claims, the Guild Policies were purchased so that they could later be sold on the

secondary market to an investor with no insurable interest in Ms. Guild's life: what Pruco calls a "stranger-oriented life insurance" or "STOLI" scheme. According to the Complaint, the architect of this scheme was Pruco's own agent, Defendant Gary Richardson. Pruco alleges that Mr. Richardson worked in concert with Defendant Life Brokerage Equity Group and several unnamed defendants (John Does 1-10) to provide false information concerning who would ultimately finance and benefit from the Guild Policies. Pruco claims Ms. Guild was never involved in the process of completing the life insurance applications; she signed the documents after being offered "free life insurance" or some other benefit in return for providing her signature.

Pruco issued the Guild Policies on October 21, 2005. According to the Complaint, both Mr. Richardson and Life Brokerage Equity Group received significant commissions upon the issuance of the policies. The policies named the Rosalind Guild Family Insurance Irrevocable Trust as the record owner and beneficiary of the Guild Policies. According to the Complaint, the Guild Trust was formed to later facilitate the sale of the beneficial interest in the policies to secondary investors. In actuality, Pruco alleges, Ms. Guild had no involvement in the formation of the trust or in the election of the trustee, Wells Fargo Bank, N.A. Pruco eventually delivered the policies to the trustee and to Mr. Richardson.

*B. Payment of Premiums*

Shortly thereafter, Pruco received initial premium payments totaling over $700,000 for both Guild Policies. Some two years later, Pruco received a change of ownership and beneficiary request, changing the owner and beneficiary of the Guild Policies to Defendant U.S. Bank, as securities intermediary. Pruco approved the requested owner and beneficiary change in February of 2008. According to Pruco, this change of ownership "took place in connection with the sale of the

beneficial interest in the Guild Policies to an investor with no insurable interest in Ms. Guild's life." More than $2 million in total premiums have been paid for the policies. Pruco claims that discovery in this case would reveal that none of the premium payments were made by Ms. Guild. Those premium payments have resulted in commission payments in excess of $200,000.00 to Mr. Richardson and $120,000.00 to Life Brokerage Equity Group.

*C. The Instant Motion*

Pruco brought this action seeking a declaration that the Guild Policies are void. Specifically, Count I of the Complaint seeks a judgment declaring that the Guild Policies are void *ab initio* because they lacked an insurable interest at their inception. Pruco also claims that it is entitled to retain the premium payments.

U.S. Bank has moved to dismiss Count I on the grounds that it fails to state a claim upon which relief can be granted and that the complaint should be dismissed with prejudice as against the bank. U.S. Bank also requests the return of the premiums it has paid. In support, U.S. Bank argues that Count I is barred by Florida's "incontestability statute" (Fla. Stat. § 627.455) and by the two-year incontestability provision contained in both of the Guild Policies; second, that Count I is barred by a general statute of limitations (Fla. Stat. § 95.11(3)(p)); third, that an insurable interest did exist at the time the insurance contract was made (that of Ms. Guild's daughter, Joan Guild); and, fourth, that Pruco's request to retain the nearly $2 million dollars in premiums already paid on the policy should be stricken because, under Florida law, if a policy is rescinded or voided, an insurer must place the insured back in the same position the insured was in before the effective date of the policy. The instant motion relates only to Count I of the Complaint, as it is the only count asserted against U.S.

Bank.[1]

Pruco has structured its claim against U.S. Bank as an action seeking a declaration that the policies are *void ab initio* for lack of insurable interest rather than voidable due to fraud. This distinction is notable, as Florida law holds that untimely claims that policies are voidable due to fraud are prohibited by the incontestability clause. The issue before the Court is whether the incontestability clause in the Guild Policies also applies to prohibit Pruco's untimely claims that the Policies are *void ab initio*. The Court holds that such claims are barred by the incontestability clause. This holds especially true in this case, in which the claim that the policy is *void ab initio* due to lack of insurable interest is ultimately traceable to a claim of fraud.

### III. Discussion

Count I fails to state a claim as a matter of law because Pruco did not challenge the validity of the Guild Policies before the expiration of the two-year "incontestability" period. Florida's incontestability statute mandates that all insurance contracts contain a clause setting forth a two-year period after which the validity of the contract cannot be challenged:

> Every insurance contract shall provide that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of 2 years from its date of issue except [1] for nonpayment of premiums and except, at the option of the insurer, [2] as to provisions relative to benefits in event of disability and as to provisions which grant additional insurance specifically against death by accident or accidental means.

Fla. Stat. § 627.455. Both Guild Policies contain the following incontestability clause:

---

[1] Count II of the complaint contains allegations that Mr. Richardson, Life Brokerage Equity Group, and others made fraudulent misrepresentations regarding the true purpose for the Guild Policies, the source of premiums for the Guild Policies and Ms. Guild's income, assets and net worth, with the intention that Pruco would rely on those misrepresentations when issuing the Guild Policies. Count III alleges these same misrepresentations were negligent. Count IV alleges that the fraudulent and/or negligent misrepresentations amounted to a civil conspiracy against Pruco. Count V contains a breach-of-contract claim against Mr. Richardson.

> Except as we state in the next sentence, we will not contest this contract after it has been in force during the Insured's lifetime for two years from the issue date. The exceptions are: (1) non-payment of enough premium to pay the required charges; and (2) any change in the contract that requires our approval and that would increase our liability. For any such change, we will not contest the change after it has been in effect for two years during the lifetime of the Insured.

Compl. Exs. K & L at 5.

The incontestability clause works to the mutual advantage of the insurer and the insured, giving the insured a guaranty against expensive litigation and giving the company a reasonable time and opportunity to ascertain whether the insurance contract should remain in force. *Allstate Life Ins. Co. v. Miller*, 424 F.3d 1113, 1115 (11th Cir. 2005). Florida precedent has interpreted incontestability clauses as absolute bars to efforts by the insurer to rescind the policy after two years for any other reason than the articulated exceptions in the statute. *Id.* Indeed, the Florida Supreme Court has likened § 627.455 to a statute of limitations. *Id.* at 1115 (citing *Pruco Ins. Co. of Am. v. Prescott*, 176 So. 875, 878 (Fla. 1937)).

This de facto statute of limitations applies regardless of the basis for the challenge as to the validity of the policy, including in cases in which it is alleged that the insured lied or that other intentional omissions or misrepresentations were made when applying for the policy. *See id.* (citing *Bankers Sec. Life Ins. Soc. v. Kane*, 885 F.2d 820, 821-22 (11th Cir. 1989)(misrepresentation as to identity of insured); *Great S. Life Ins. Co. v. Porcaro*, 869 So. 2d 585, 586 (Fla. 4th 2004)(fraud as to fact of insured's death); *Kaufman v. Mut. of Omaha Ins. Co.*, 681 So. 2d 747, 750-53 (Fla. 3d DCA 1996)(non-disclosure of pre-existing conditions); *DiFranco v. Nat'l Found. Life Ins. Co.*, 551 So. 2d 535, 536 (Fla. 3d DCA 1989)(failure to disclose prior medical treatment and history); *Pruco Ins. Co. of Am. v. Rhodriguez*, 285 So. 2d 689 (Fla. 3d DCA 1973)(misrepresentations as to health

and medical history). The Court will not create exceptions to Florida law or void insurance policies *ab initio* in a manner that would undermine the intent of the Florida legislature and the practice in Florida courts. *Kane*, 885 F. 2d at 822.

Pruco issued the Guild Policies in October 2005 but did not contest their validity until December 2012, more than seven years from the date of issuance and more than five years after the expiration of the incontestability period. During those seven years, Pruco collected premium payments on the Guild Policies. Because Pruco did not contest the validity of the Guild Policies within two years of issuance, a challenge to these Policies is prohibited by Pruco's express representations in each Policy's incontestability clause.

Pruco argues that the incontestability clause does not apply because it is seeking a declaration that the Policies were *void ab initio* based on a lack of insurable interest at inception. *See* D.E. 17 at 5, 7-9. Therefore, Pruco argues, the incontestability clause never went into effect. *Id.* However, this Court holds that the incontestability clause applies with equal force to claims that the Guild Policies were *void ab initio*.

Courts are divided on the issue of whether an incontestability clause applies to bar a claim that a contract is *void ab initio*. Courts following the majority view hold that incontestability clauses have no effect where a policy is *void ab initio* for lack of insurable interest. *Pruco Life Ins. Co. v. Brasner*, No. 10-80804, 2011 WL 134056 at n. 5 (S.D. Fla. Jan. 7, 2011)(citing 7 Williston on Contracts § 17:5, n. 23 (2010)). In contrast, courts following the minority view hold that incontestability clauses bar insurance companies' claims regarding the validity of insurance policies.[2]

---

[2]Florida appears to follow the minority view based on the following statement by the Third District Court of Appeal: "The threshold question in a case involving application of an incontestability clause is 'whether the claim of the insurer relates to the <u>validity</u> of the policy or

*Id.* (citing *Lincoln Life & Annuity Co. of N.Y. v. Bernstein*, 890 N.Y.S. 369, 2009 WL 1912468, at *4 (N.Y. Sup. Ct. 2009)). Florida law embraces both the public policy that prohibits an insurance company from contesting the policy after the incontestability period and the public policy that an insurable interest is necessary for an insurance policy to be valid in the first place. *Id.* (citing Fla. Stat. § 627.404(1); Fla. Stat. § 627.455). Neither party cites binding case law requiring this Court to reconcile one policy over the other, nor has either party presented the Court with any evidence of legislative intent regarding incontestability periods and lack of insurable interest claims.[3]

The public policy underlying the incontestability statute weighs in favor of barring an insurer's attempts to challenge a policy outside the statutory period, even when the insurer claims that the policy is *void ab initio*. The Court of Appeals of New York aptly analyzed the public policy weighing in favor of contractual finality when an insurer challenges a policy based on lack of insurable interest in a STOLI context after the incontestability period has expired. In *New England*

---

whether it relates to limitations of coverage. <u>If it relates to the former it is barred</u>; if to the latter it is not.'" *Paul Revere Life Ins. Co v. Damus, Ecker, Rosenthal and Marshall, M.D.*, 864 So. 2d 442, 444 (Fla. 3d DCA 2003)(emphasis added). However, no Florida court has expressly addressed whether Florida follows the minority or majority view.

[3]U.S. Bank relies on the Eleventh Circuit's decision in *Miller* for the proposition that Pruco may not challenge the Guild Policies, even though Pruco claims they are *void ab initio*. See D.E. 15 at 8. In *Miller*, the Eleventh Circuit held that the incontestability clause barred the insurance company's challenge to the policy, even though it was alleged that an imposter submitted the initial medical evaluation. *See Miller*, 424 F. 3d at 1116; *Rhodriguez*, 285 So. 2d at 680-90 (holding that, where an insurer's claim relates to the validity of the insurance policy, that claim is barred by an incontestability clause). Although the insurance company in *Miller* argued the policy was *void ab initio*, the court equated the imposter defense to a fraud defense, thereby classifying it as voidability claim rather than a *void ab initio* claim. *See id.* at 1117; *Pruco Life Ins. Co. v. Brasner*, No. 10-80804, 2011 WL 134056 at FN 5 (S.D. Fla. Jan. 7, 2011). The Court finds that the *Miller* case is inapplicable because the court did not decide whether the incontestability statute barred untimely claims that a policy is *void ab initio*, instead avoiding the issue by classifying the plaintiff's claim as one that the policy was voidable.

*Mut. Life Ins. Co. v. Caruso*, the court held that passage of the incontestability period prevented the plaintiff insurer from bringing an action against its policyholder, seeking a declaration that it was not obligated to pay life insurance benefits because the defendant had no insurable interest in the life of the decedent. 535 N.E.2d 270 (1989). The court reasoned that the insurable interest statute requires that the policyholder have an insurable interest in the life of decedent only at the time the contract was made; to require evidence of insurable interest at this late date could not only impose an undue burden on the policyholder but also run counter to the policy considerations underlying incontestability requirements. The decedent consented to the policy's issuance and the insurer accepted the application on the strength of the representations contained in it. If the insurer doubted the defendant's interest, the burden rested on it to investigate in a timely manner or ignore the matter at its peril. Inequity may be avoided, and the public purpose underlying the insurable interest requirement implemented, by a rule which encourages the insurer to investigate the insurable interest of its policyholders promptly within the two-year period. Such investigations would not only eliminate "wagering" contracts but would do so promptly, thereby furthering the policy behind the provisions to the statute. *Id.* The Florida incontestability statute is based on the same public policy concerns.

In cases in which policies are voidable for fraud, Florida law clearly dictates that the incontestability statute serves to bar the insurer's attempts to contest the policy after the two-year period has expired, as described above. So too should the incontestability clauses in the Guild Policies serve to bar Pruco's thinly veiled attempts to subvert the clauses by classifying the fraud allegedly committed against it as naked "lack of insurable interest." In a STOLI context, a lack of insurable interest may not be divided from the fraud that created it. Florida courts have made it clear

that an insurer may not challenge a policy based on fraud outside the statutory period. This Court holds that whether the fraud renders the policy voidable or *void ab initio* is inconsequential; this holds especially true in this case, where Pruco's lack of insurable interest claim is ultimately traceable to fraud.

The purpose of the statute is to provide the insured with certainty while simultaneously providing the insurer with an opportunity to discover fraud against it. *See Miller*, 424 F. 3d at 1115. Allowing Pruco to contest the Guild Policies after seven years would result in an undeserved windfall to the insurer and would place an undue burden upon the policyholder, who is not even the original procurer of the Policies. U.S. Bank would have to reconstruct a past to which it was not a party. Pruco had two years to ascertain the alleged fraud committed against it; to permit Pruco to contest the Policies now merely because the fraud allegedly rendered the Policies *void ab initio* rather than voidable would defeat the purpose of the statute.

Because Pruco did not bring this action to contest the validity of the Guild Policies until December 17, 2012, more than five years after the two-year incontestability period expired, Count I is barred as a matter of law and thus fails to state a claim upon which relief can be granted.[4] Pruco is not entitled to contest the validity of the Guild Policies. Accordingly, it is

---

[4] Because Count I is dismissed pursuant to the incontestability statute/clause, the Court does not reach the issues of the applicability of the general statute of limitations, the existence of an insurable interest, or Pruco's entitlement to the premiums.

ADJUDGED that U.S. Bank's motion to dismiss Count I of the complaint is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of August, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record