THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-24441-CIV-MORENO/OTAZO-REYES

Pruco Life Insurance Company,

        Plaintiff,

v.

Gary A. Richardson; Life Brokerage Equity Group, LLC, US Bank, as Securities Intermediary; and John Does 1-10,

        Defendants.

**RENEWED MOTION OF PLAINTIFF PRUCO LIFE INSURANCE COMPANY FOR ENTRY OF FINAL JUDGMENT IN FAVOR OF DEFENDANT U.S. BANK, N.A., AS SECURITIES INTERMEDIARY**

Plaintiff Pruco Life Insurance Company ("Pruco") hereby moves this Court for entry of judgment in favor of U.S. Bank and against Pruco with respect to this Court's order granting U.S. Bank's motion to dismiss. [ECF No. 36].

1. On August 20, 2013, this Court granted U.S. Bank's motion to dismiss, holding that Pruco's sole claim against U.S. Bank – which sought a declaratory judgment that the two life insurance policies at issue in this litigation (the "Guild Policies") were void *ab initio* because they lacked an insurable interest at their inception – was barred by the two year incontestability provisions in the Guild Policies. Order Granting Mot. to Dismiss, ECF No. 36 ("Dismissal Order").

2. The Dismissal Order granted U.S. Bank's motion solely on an issue of law – specifically whether or not the statutorily-mandated incontestability provisions in the Guild Policies barred insurer challenges to the policies on the grounds asserted in Pruco's complaint. This Court found that the application of the incontestability provisions to preclude insurable

interest challenges like the challenge asserted by Pruco would further the public policy underlying Section 627.455 of the Florida Statutes, which mandates the inclusion of the incontestability provision in every life insurance policy, because it would require insurance companies to promptly investigate policies that may lack an insurable interest within two years of the policy being issued.  Dismissal Order, at 7-8.

3. At the time the Dismissal Order was entered, Pruco also had pending claims against the insurance broker who sold the Guild Policies, Gary Richardson, and Richardson's broker general agency, Life Brokerage Equity Group ("LBEG").

4. At the time the Dismissal Order was entered, the Court did not enter judgment in favor of U.S. Bank and against Pruco.

5. On August 30, 2013, Pruco filed a motion seeking an order modifying or amending the Dismissal Order to either: (i) enter partial final judgment in favor of U.S .Bank and against Pruco pursuant to Federal Rule of Civil Procedure 54(b); or (ii) allow Pruco to take an interlocutory appeal from the Dismissal Order pursuant to 28 U.S.C. § 1292(b). [ECF No. 40].

6. On September 6, 2013, U.S. Bank filed a notice stating that it had no opposition to Pruco's request that the Court enter partial final judgment in favor of U.S .Bank and against Pruco pursuant to Federal Rule of Civil Procedure 54(b).  [ECF No. 42].

7. On November 5, 2013, Pruco reached a settlement with Richardson and LBEG and filed a notice of settlement with the Court.  [ECF No. 45].

8. On November 26, 2013 a stipulation of dismissal was filed by Pruco, Richardson and LBEG dismissing Pruco's claims against Richardson and LBEG.  [ECF No. 47].

9. Also on November 26, 2013, the Court, upon consideration of the stipulation of dismissal, entered a final order of dismissal and order denying all pending motions as moot, including Pruco's motion to modify or amend the Dismissal Order [ECF No. 40]. [ECF No. 48].

10. The Court's final order of dismissal granted leave to the parties to renew, if appropriate, any pending motions denied as moot. [ECF No. 48].

11. Accordingly, Pruco hereby renews its request for the Court to enter judgment in favor of U.S .Bank and against Pruco based on the Dismissal Order. As all claims in this matter have been adjudicated, Pruco submits that there is no longer any reason to delay entry of judgment.

12. Further, Pruco intends to seek review of the Dismissal Order from the Eleventh Circuit, particularly in light of the fact that a similar issue is already pending before that court in *Pruco Life Ins. Co. v. Wells Fargo Bank, N.A., as Securities Intermediary*, Case No. 13-13125-E. Prior to Pruco seeking Eleventh Circuit review, judgment should be entered with respect to this Court's holding in its Dismissal Order. *See Whitehurst v. Wal-Mart Stores East, L.P.*, 329 F. App'x 206, 207 (11th Cir. 2008) ("A notice of appeal in a civil case 'must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.' When a separate judgment is required but not entered, a separate judgment is deemed to have been entered 150 days after the entry of the challenged order.") (quoting Fed. R. App. P. 4(a)(1)(A), citing Fed. R. App. P. 4(a)(7)(A)(ii)).

## Local Rule 7.1 Certification

I hereby certify that counsel for the movant, Pruco, has conferred with all parties or non-parties who may be affected by the relief sought in this motion and Defendant U.S. Bank advised that it takes no position on this Motion.

WHEREFORE, Pruco and respectfully requests the Court to grant this motion and enter final judgment in favor of U.S. Bank and against Pruco based on the Court's August 20, 2013

3

Order granting U.S. Bank's motion to dismiss.

Dated:  December 16, 2013

                            s/Wendy L. Furman
                            PETT FURMAN, PL
                            2101 N.W. Corporate Blvd., Suite 316
                            Boca Raton, FL 33431
                            (561) 994-4311
                            (561) 982-8985 (fax)
                            Wendy L. Furman
                            Fla. Bar No. 0085146
                            wfurman@pettfurman.com

                            *Of Counsel*
                            Stephen A. Serfass
                            Nolan R. Tully
                            **DRINKER BIDDLE & REATH LLP**
                            One Logan Square, Ste. 2000
                            Philadelphia, PA 19103-6996
                            (215) 988-2700
                            Stephen.serfass@dbr.com
                            Nolan.tully@dbr.com

                            *Attorneys for Plaintiff,*
                            *Pruco Life Insurance Company*

## CERTIFICATE OF SERVICE

     I certify that on December 16, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

                            John K. Shubin, Esq.
                            Juan J. Farach, Jr. Esq.
                            Shubin & Bass, P.A.
                            46 S.W. 1st Street, Third Floor
                            Miami, FL 33130
                            jshubin@shubinbass.com
                            jfarach@shubinbass.com

                            *Counsel for Defendant, U.S. Bank, N.A.,*
                            *as Securities Intermediary*

5

        Charles G. Geitner, Esq.
        Hinshaw & Culbertson LLP
        100 South Ashley Drive, Suite 500
        Tampa, FL 33602
        813-276-1662 Phone
        813-276-1956 Fax
        cgeitner@hinshawlaw.com

*Attorneys for Defendants Life Brokerage Equity Group and Gary A. Richardson*

                s/Wendy L. Furman
                Wendy L. Furman